IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  04-cv-00762-RPM

J. DAVID EVANS and
BERNITA M. EVANS,

        Plaintiffs,

v.

ANN M. VENEMAN, Secretary, United States Department of Agriculture,

        Defendant.

---

MEMORANDUM OPINION AND ORDER

---

The background for this civil action is this Court's Memorandum Opinion and Order on Judicial Review of Final Administrative Decision, entered August 29, 2001, in Civil Action No. 99-M-2231, between the same parties, which reversed the decision of the Director of the USDA National Appeals Division reversing the finding of a Hearing Officer ("HO") that the action of the Farm Service Agency ("FSA") in assessing the amount of $274,734.41 as owed by J. David Evans and Bernita M. Evans under a Shared Appreciation Agreement ("SAA") signed by them in the write-down of their December, 1977, loan from the Farmers Home Administration under the statutory authority for restructuring delinquent farmer program loans codified in 7 U.S.C. § 2001 was erroneous.  Subsection (e) authorized making the signing of such agreements a condition of restructuring a loan.  In essence, the borrowers obtaining the benefits of reduction in their loans must agree to repay a portion of the amount written off based on the positive difference between the appraised values of the real property security at the time of restructuring and at the time of

recapture. That time of recapture in this case was the expiration of the ten-year term of the agreement, March 21, 1999.

This Court found that the Director's decision to accept an FSA contract appraiser's report was contrary to the evidentiary record before the HO, which included the testimony of an appraiser retained by the Evans faulting the FSA appraisal in several respects. Additionally, this Court noted that the FSA appraiser valued the property on the basis of his opinion that the highest and best use was not agricultural but "Agricultural in transition to Rural/Residential." That basis for appraisal was notably inconsistent with the purpose of the statute, expressed in Section 2001(a)(2) "to ensure that borrowers are able to continue farming or ranching operations" and the SAA contract obligation of the borrowers to continue farming operations. Because this Court's jurisdiction was limited by the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, the only remedy was reversal of the Director's decision with a remand for further proceedings consistent with the opinion.

The plaintiffs sought modification of the order to provide more specific direction to the Agency but this Court rejected that request in recognition of the authority of the FSA and the Department of Agriculture to exercise discretion in determining what further proceedings were appropriate. The denial of the motion to alter or amend the Court's order was entered November 27, 2001.

Following remand, the FSA initially took the position that it should be allowed to obtain a new appraisal and the plaintiffs opposed that position, arguing that the FSA had not timely submitted a valid appraisal and therefore no recapture was due. Alternatively, the Evans asked that their appraisal should be accepted which also would result in no recapture because no

2

increase in value was shown by it. The matter was assigned to the same HO whose ruling was reversed by the Director.

The HO convened a hearing on June 20, 2002. At the request of both parties the hearing was continued and renewed on July 23, 2002. The HO issued a "Corrected Remand Determination" on August 21, 2002. He noted that the acting director for the NAD had not remanded the case to the hearing officer until April 11, 2002. The HO determined that the issues to be heard would be limited to the appraised value of the property used as security for the SAA. The HO said, "Specifically, the appraisal issue was limited to determination of the highest and best use of the property and methodology used in the preparation [of] the Agency appraisal and the independent appraisal prepared by the Appellants' appraiser." The HO made findings of fact including his finding that the FSA contract appraiser did not verify the accuracy of comparable sales information received from Federal Land Bank personnel; used personal opinion in making the designation of highest and best use of the property as agricultural in transition to rural residential; failed to consider comparable sizes of the comparable sale properties and the HO concluded that

> the Appellants presented testimony, arguments and documentation at the Remand Hearing that clearly proves the contract appraisal obtained by the Agency and used to calculate the amount of shared appreciation owed was in error and does not accurately reflect the market value of the Appellants' property.

The HO then made an informal suggestion that the Agency consider contacting the Evans to agree upon a new appraisal by an appraiser selected by the Evans from a list of independent certified general appraisers provided by the Agency.

The end result of the HO's decision is expressed in the following DETERMINATION.

"The Agency's decision to use the contract appraisal completed in November 1998 to calculate any shared appreciation due upon the expiration of the 10-year SAA was erroneous." That ultimate decision was not different from the earlier decision that had been reversed by the Director. The FSA on September 6, 2002, requested a Director review of the HO determination. The NAD Director denied the FSA request for review on June 30, 2003.

The Evans came back to this court with a motion to reopen filed in the former action on November 25, 2003. After oral argument of that motion on January 30, 2004, this Court denied the motion to reopen and directed that a new case must be filed because the earlier action had been limited to an APA review and the broader relief requested was not within the jurisdiction granted by the APA.

This action was filed on April 15, 2004, and the defendant's motion to dismiss was denied on November 1, 2004, with an amended complaint then filed on November 12, 2004.

In that amended complaint the Evans again ask for judicial review of Agency action under the APA and seek other relief, asserting jurisdiction under other statutes as discussed later. The defendant contends that there can be no judicial review under the APA because there is no final Agency decision, asserting that the FSA has now decided to obtain a new appraisal and will not release the deed of trust even though the underlying note has been paid in full. As the plaintiffs have observed, the jurisdiction provided to this Court by the APA is not as limited as the defendant contends. Section 702 provides a right of review to a person suffering legal wrong because of Agency action and under Section 706 the reviewing court shall compel Agency action unlawfully withheld or unreasonably <u>delayed</u>. That is this case. What is shown in the record here is the inertia of a bureaucracy confounded by a need for making a decision under circumstances

4

which do not fit within the template of its regulations.

In response to this Court's reversal and remand, the FSA could have taken one of several approaches to this matter. The most obvious approach was that suggested by the plaintiffs, that is to recognize that it had failed to comply with the obligation to support its decision to recapture shared appreciation upon the expiration of the 10-year SAA by complying with the requirements of 7 C.F.R. § 1951.914(c) by determining the value of the Evans' property and any alleged appreciation occurring between March 21, 1989 and March 21, 1999, before March 21, 1999, when the Shared Appreciation Agreement expired. The contention of the defendant that the FSA can now more than six years later begin anew to attempt to determine any appreciation in value during that 10-year period is in defiance of common sense and the obligation of the FSA to act within the time constraints of the statute and regulations.

In the earlier case, the Evans' contention that the Director's decision to reverse the HO's rejection of the contract appraisal report was made without jurisdiction because of its untimeliness was rejected in reliance on *Gallagher v. National Transportation Safety Board,* 953 F.2d 1214 (10th Cir. 1992), where the Tenth Circuit Court of Appeals rejected such an argument because the statute did not explicitly provide for that result and no prejudice had been shown from the delay. In that case, however, the appellate court expressly noted that the Supreme Court in *Brock v. Pierce County,* 476 U.S. 253 (1986) had observed that a remedy less drastic than divesting the Secretary of Labor of jurisdiction to complete an investigation was available under § 706 of the APA authorized a reviewing court to compel agency action unlawfully withheld or unreasonably delayed. The Tenth Circuit said that there was no reason that the failure of the National Transportation Safety Board to comply with a statutory time limit would prevent aggrieved

5

persons to address their grievance by pursuing such a remedy. Here, the Evans have been greatly prejudiced by the conduct of the FSA in its dithering response. The plaintiffs are farmers on a 600-acre farm. They have completely paid the underlying loan, with interest, including interest that has accrued during these proceedings, and they continue to be burdened by a deed of trust which the FSA refuses to release until payment of some amount of money that has never been properly determined and which cannot now be done under any plausible and realistic methodology. Essentially, the FSA is holding this farm hostage until the owners capitulate and agree to start all over again with an appraisal that must establish a value retroactively by six years. The FSA's position is unreasonable and arbitrary. It simply amounts to an obdurate and intransigent refusal to recognize and accept its mistake.

Because the FSA has unreasonably delayed making a determination of any amount of appreciation in the value of the Evans' farm during the term of the SAA, and because the plaintiffs have paid off the promissory note for which the deed of trust was given as security, the Agency must now release the deed of trust. This Court has the authority to order that release under 28 U.S.C. § 2410 to quiet title in the Evans by releasing the lien of the United States. Additional authority is found in the All Writs Act, 28 U.S.C. § 1651, to compel the ministerial act of executing the necessary release and the mandamus provision in 28 U.S.C. § 1361.

The plaintiffs have claimed damages in this case but this Court has no jurisdiction for a damage award based on the claim for recovery of interest paid on the underlying promissory note during the pendency of these proceedings. The plaintiffs are entitled to an award of attorney's fees and costs under 28 U.S.C. § 2412(d)(1)(A) and after the entry of the final judgment they shall proceed within thirty days to submit an application for fees and other expenses with

6

supporting documentation.  On the present record, this Court has determined that the position of the FSA after remand ordered in the prior action was not substantially justified.  This Court has no authority to award attorney's fees and costs of the administrative proceedings.  It is

ORDERED that the defendant shall cancel and mark as "Paid in Full" the Promissory Note dated December 9, 1977 made by John D. Evans AKA J. David Evans and Bernita Mae H. Evans AKA Bernita M. H. Evans and return the original of this note to the plaintiffs.  It is

FURTHER ORDERED that the defendant shall cancel and mark as "Paid in Full" the write-down Promissory Note dated March 21, 1989 made by John D. and Bernita M. H. Evans and return the original of this note to the plaintiffs.  It is

FURTHER ORDERED that the Shared Appreciation Agreement dated March 21, 1989 between the Farmers Home Administration and John D. Evans and Bernita M. H. Evans is deemed satisfied and paid in full by the plaintiffs and is of no further force or effect.  It is

FURTHER ORDERED that the defendant shall cancel and release of record, and execute and file all documents necessary to release, the Real Estate Deed of Trust for Colorado made by John D. Evans, aka J. David Evans, and Bernita Mae H. Evans, aka Bernita M. H. Evans, dated December 9, 1977, recorded in Book 459, Page 1480 in the records of the County of Delta, State of Colorado.  It is

FURTHER ORDERED that any and all rights, title, interest, estate and claim to the property described in the above-referenced Real Estate Deed of Trust dated December 9, 1977, of the defendant, the United States of America, and the Farm Service Agency are terminated.  It is

FURTHER ORDERED that the clerk shall enter judgment accordingly and the plaintiffs shall within thirty days of final judgment submit an application for fees and other expenses with supporting documentation for services in this action.

Dated: November 1st, 2005

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge